J. Curtis Edmondson SBN 236105
Edmondson IP Law
15490 NW Oak Hills Dr
Beaverton OR 97006
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JERRY A. SPOLAR, an individual; and TONNY JILL WILLIAMSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company; UNREALISTIC IDEAS, LLC, a Delaware limited liability company; PIECE OF WORK PRODUCTIONS, LLC, a California limited liability company; ARCHIE GIPS, an individual; WHITNY BRAUN, an individual; JAMES BRAUN, an individual; and DOES 1 through 25, | **Case No.:** CV 23-7633-JFW(MRWx)<br><br>**DECLARATION OF J. CURTIS EDMONDSON IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: FRCP RULE 4(M) AND FAILURE TO SERVE**<br><br>Date: April 8, 2024<br>Time: NA<br>Place: COURTROOM 7A<br>       FIRST STREET<br>       COURTHOUSE<br>       350 W 1st St,<br>       Los Angeles, CA 90012<br><br>Hon. John F. Walter<br>U.S. District Court Judge |

I, J. Curtis Edmondson hereby declare, under the penalty of perjury, under the laws of the United States, pursuant to 28 U.S.C. §1746, as follows:

1. I am attorney admitted to this Court and have practiced for eighteen

1. years. I am also licensed to practice before the USPTO, and licensed to practice in Washington, Oregon, and the District of Columbia. My area of practice is primarily intellectual property, both in preparation of applications, and litigation.

2. This case was filed on September 13, 2023. (See Dckt 1). I then filed the documents regarding the Copyright filings on September 25, 2023. (Dckt 10).

3. In October, I started to prepare this case to have the clerk issue a summons and have a process server issue the summons. At this time I was also preparing for a trial, as court appointed *pro-bono* counsel[1] before the Honorable Michael S. Simon in the matter of *Gines vs. Oregon Department of Corrections* (D. OR 17-cv-00841) which was scheduled for a three day trial on November 28, 2023. (See Dckt 111). This case was an eight amendment injury claim and the case had been on the docket for over seven years. I was third counsel on the case and had to review a significant amount of discovery that had done by prior counsel.

4. In this case, I then failed to have the clerk issue a summons to timely serve the complaint on the Defendants. The reason for this omission was due to an unexpected office fire that occurred on November 29, 2023 at my law office. See:

https://www.koin.com/local/beaverton-commercial-fire-closes-highway-217-off-ramp-overnight/ (said Article attached as Ex. 1 hereto).

3. I attempted to get into my office suite shortly after the fire, but the Fire Department did not allow anyone into the office building due to the suspected existence of asbestos.

4. About a week after the fire, I was able to gain access to the building. Half of the building had significant fire damage and the other half had significant

---

[1] I took over as the then Pro Bono counsel of record, David Madden, passed away suddenly and unexpectedly from cancer in 2023. Mr. Madden, a colleague argued the seminal case of *Cobbler Nevada, LLC v. Gonzales* (9th Cir. 2018) 901 F.3d 1142.

2
**Edmondson Declaration**

water damage. My part of the building involved significant water damage. I needed to move my paper files and have them dried. The computers needed to be dried before turning on. The office move took approximately 3-4 weeks.

5. For my matters before the Copyright and Trademark office, I have these items docketed in an IP docketing system called Dockettrak.

6. For litigation matters, I have them "paper docketed" using a docketing system on my whiteboard. This case, due to the chaos of the fire and the move, did not get redocketed, which was my mistake.

7. As with any office fire, significant amounts of time have been spent with insurance companies, employees, etc. on the aftermath of the fire. Thankfully, there was only a little water damage to my office contents due to the fire sprinklers going off in the building. However, due to the urgent collection of boxes of files, filing cabinets, printers, desks, desktop computers, the recent paperwork that was collected became quite disorganized, and some deadlines that should have been docketed for follow up were missed as a result of the fire.

8. I have a new office in Downtown Hillsboro, one block from the county courthouse. I have hired a clerk to work with me to improve my docketing system to avoid this problem in the future. I am moving all of my litigation matters into DocketTrak with the litigation module to have a "two docketing" system.

9. The office fire was out of my control and serves as good cause for not meeting the 90-day rule. I ask that the Court consider that this meet the good cause standard under *Mann v. American Airlines* (2003) 324 F. 3d 1088, 1090. Currently it is unclear when the last infringing act occurred, but under the abundance of caution, I represent that relief may also needed in view of any "time bar" issues. *Id.* At 1091. This issue of damages and the statute of limitations is currently before the U.S. Supreme Court. *Nealy v. Warner Chappell Music, Inc* (11th Cir. 2023) 60 F.4th 1325 cert granted U.S. No. 22-1078.

10. Notwithstanding the above facts, the clients I represent are not responsible for this error. FRCP Rule 4(m) is something controlled by the attorney, not the client. So I am requesting that if sanctions are imposed for missing this deadline, they should only be imposed on me in some form and not on my clients in the form of a dismissal. I respectfully request that the Court not impose sanctions of case dismissal.

11. Concurrently with this response, I have filed a request for issuance of summons with the clerk. I will have the summons and complaint (and associated papers) served within 14 days of the clerk issuing the endorsed summons. I have not requested any extension on this deadline previously.

12. I respectfully ask the Court that the least amount of sanctions be imposed, ideally no sanctions. I have gotten the message, and I apologize. I will docket all future events and will be respectful of this Court's time in the future.

Date: April 7, 2024                                  Respectfully Submitted,


                                                     By:*/s/ J. Curtis Edmondson*
                                                         J. Curtis Edmondson
                                                         Attorney for Plaintiffs